UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRED F. NORMAN,<br><br>Plaintiff,<br><br>v.<br><br>THE WHITE HOUSE, et al.,<br><br>Defendants. | Case No. 22-cv-05154-JSC<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 1 |

The Court has granted Plaintiff's application to proceed in forma pauperis and therefore is required to review the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court finds that Plaintiff's claims are insufficiently pled. Pursuant to 28 U.S.C. § 1915, the complaint is DISMISSED. Plaintiff may file an amended complaint on or before October 24, 2022.

### BACKGROUND

**I.    The Complaint**

Plaintiff names 34 individuals and entities as defendants in this matter. (Dkt. No. 1 at 3–7.) In his "statement of facts," Plaintiff alleges the Federal Bureau of Investigation ("FBI") drugged him and attempted to entrap or frame him for a murder. He also states that FBI Agents (1) killed a man in San Pedro, California; (2) "sold crack cocaine that lead [sic] to a Genocide on Black Americans"; (3) attempted to murder his father and mother in law; (4) "infused Plaintiff with some powerful drugs to alter his mind so that he might become psychotic and murder his daughter"; (5) gave Plaintiff drugs to give to his daughter; (6) physically abused his other daughter; and (7) dated his mother and aided in her untimely death. (*Id.* at 8–11.) Plaintiff also believes that "an FBI agent, who went by the name of Sonnyman the Sandwich man entrapped

1   [him] to be sexually assaulted and hung [him] over an overpassed freeway in downtown Los
2   Angeles." (*Id.* at 11.)
3         He lists that his claims arise under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S.
4   388 (1971) and 42 U.S.C. §§ 1983 and 1985.  Under "Demand for Relief," Plaintiff states that he
5   paid the Alameda, Sacramento, and Santa Clara County Bar Associations and hasn't yet received
6   legal services. (*Id*. at 12.)  He requests that other defendants "intervene to ensure that [his]
7   fundamental[] rights are upheld to retain an attorney." (*Id.*)
8         Plaintiff also attaches a series of documents to the complaint.  First, he attaches a list of 38
9   legal rights, terms, and crimes. (*Id*. at 14.)  Next, he attaches a copy of "General Order 25," which
10  discusses this Court's authority to appoint pro bono counsel. (*Id.* at 15.)  Third, he attaches two
11  letters outlining the FBI abuses listed above. (*Id.* at 19–26.)  The addresses below each letter list
12  various public officials as recipients.  Finally, Plaintiff includes a list of 242 "accusations," which
13  include questions such as "1. Who is my x sister in law, Christine Capuyan, does she work for the
14  FBI?"—and allegations such as "6. I believe FBI agents caused an unnecessary physical
15  altercation with me at a nightclub in San Jose, CA." (*Id.* at 27–42.)

16  **II.   Plaintiff's Previous Cases in this Court**
17        Plaintiff has filed at least five cases in this Court with similar allegations and many of the
18  same legal documents.
19        **1.    18-cv-6658 MMC**
20        Plaintiff attempted to file a complaint in this Court naming the FBI as the sole defendant.
21  He alleged that the FBI violated his constitutional rights by conspiring to frame him for a murder
22  he did not commit; "stalking" his family and "interfering" with his marriage; interfering with his
23  real estate business by diverting customers; calling him by a racial epithet, battering him and using
24  a vicious dog on him; using "kill switches" to run his family off the road; and overmedicating and
25  battering his daughter. (Case No. 18-cv-6658, Dkt. No. 1.)  The Court denied Plaintiff's request to
26  file the complaint in forma pauperis without prejudice. (*Id.*, Dkt. No. 8.)  Plaintiff never amended
27  his application, and the case was dismissed without prejudice. (*Id.*, Dkt. No. 14.)
28

United States District Court
Northern District of California

### 2.     19-cv-1173 MMC

Plaintiff again sued the FBI and added as defendants the State Bar of California, the Alameda County Bar Association and Attorney John Burris. The allegations in that case relate only to the FBI; there are no factual allegations relating to the other defendants. The allegations relating to the FBI repeat allegations in Case No. 18-cv-6658, discussed above. (*See* Case No. 19-cv-1173, Dkt. No. 1.) The Court again denied Plaintiff's application to proceed in forma pauperis on the basis that he did not submit sufficient information to allow it to determine whether he was indigent. (*Id.*, Dkt. No. 10.) As Plaintiff did not file an amended application or pay the filing fee, that case also was dismissed without prejudice. (*Id.*, Dkt. No. 16.)

### 3.     20-cv-1042 VC

Plaintiff filed another lawsuit in this Court, naming as defendants the State Bar of California, the Alameda County Bar Association, the East Bay Community Law Center, and attorney John Burris. (Case No. 20-cv-1042, Dkt. No. 1.) In that case, he asserted that his Constitutional right to an attorney under the Sixth and Fourteenth Amendments was violated. (*Id.*) The Court granted Plaintiff's amended application to file in forma pauperis but dismissed the complaint under 28 U.S.C. § 1915. (*Id.*, Dkt. No. 10.) The Court explained:

> Norman alleges violations of his constitutional rights under the Sixth and Fourteenth Amendments because various defendants did not provide him with legal representation and were otherwise involved in a murder conspiracy. The Sixth Amendment right to counsel applies only in criminal proceedings. *Turner v. Rogers*, 564 U.S. 431, 441 (2011). Norman's complaint does not provide any allegations regarding criminal proceedings (other than a vague allegation that Norman was "falsely accused of murder"), much less plausible allegations that the defendants, acting under color of state law, deprived Norman of counsel during those proceedings. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). Similarly, the complaint does not allege facts that plausibly give rise to a claim for violation of Norman's due process right to counsel. *Turner*, 564 U.S. at 442-43 (noting presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty").

(*Id.* at 1–2.) The Court granted leave to amend but Plaintiff never filed an amended complaint. The Court then dismissed the case with prejudice.

**4.	22-cv-2390 AGT**

Earlier this year, Plaintiff filed another lawsuit against the State Bar of California, the Alameda County Bar Association, the East Bay Community Law Center, and attorney John Burris. That case is still pending.

**5.	22-cv-02627 VC**

Just weeks after filing Case No. 22-cv-2390, Plaintiff filed another lawsuit in this Court. This time, Plaintiff sued the FBI, the State Bar of California, the Alameda County Bar Association, the East Bay Community Law Center, attorney John Burris, and the Asian Law Alliance. (Case No. 22-cv-02627, Dkt. No. 1.) Plaintiff asserted claims under "42 U.S.C. §§ 1983 and 1985 and the Fourteenth Amendment." (*Id.*) In the statement of facts, he alleged that he paid for legal services but never received legal referral services. (*Id.*) Plaintiff also filed the list of "accusations," letters, and the copy of General Order 25 attached to the complaint in this matter. (*Id.*, Dkt. No. 5.) His demand for relief requested that the Court compel the FBI to stop interfering with his legal rights to obtain counsel and stated that he was "seeking legal support from the following agencies and attorneys attached to this complaint." (*Id.*, Dkt. No. 1.)

The Court issued an Order that Plaintiff should show cause why the case should not be dismissed. (*Id.*, Dkt. No. 8.) The Court informed Plaintiff that the Complaint failed to state a claim because (1) the claims were duplicative with Plaintiff's earlier dismissed lawsuit (No. 20-cv-1042), and (2) Plaintiff failed to state a plausible claim that any defendant violated his Fourteenth Amendment rights or conspired to commit a civil rights violation. (*Id.*) In addition, the Court stated that the "hundreds of alleged violations and accusations in the attachment to his Complaint" were "too vague and conclusory to state any plausible claim," and were "fanciful and therefore frivolous within the meaning of 28 U.S.C. § 1915." (*Id.*) Plaintiff did not show cause to maintain his suit and the case was dismissed with prejudice in August 2022. (*Id.*, Dkt. No. 19.)

## DISCUSSION

When a plaintiff is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from

4

such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**I.  Legal Standard**

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007).  In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the nonmoving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." Id. at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed without a lawyer's assistance, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id*. (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258,

1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

## II.    Analysis

Applying this standard, Plaintiff's complaint fails to state a claim upon which relief can be granted.  Plaintiff's complaint does not state any plausible, specific factual allegations suggesting any of the named defendants violated his civil rights or conspired to violate his civil rights.  While Plaintiff describes various FBI actions that allegedly violated his rights, Plaintiff mostly refers to the FBI and "FBI Agents" in general.  While he specifically references an agent known as "Sonnyman the Sandwich man," that person is not named as a defendant in this action.  The FBI is not a "person" suable under 42 U.S.C. Sections 1983 and 1985.  The *Bivens* doctrine does allow suit in certain circumstances against federal officials.  Under *Bivens* a plaintiff may sue federal officers in their individual, rather than official capacity.  *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 397 (1971).  But Plaintiff does not describe the actions of any specific, identifiable individual defendant.  And federal agencies may not be sued in a *Bivens* Action.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 484–86 (1994).

In sum, Plaintiff's allegations are insufficient to state a claim.  Indeed, while the allegations here are slightly different from those in Case No. 22-cv-2627, many of the allegations in this complaint and the attached documents also appear to be "fanciful" and therefore frivolous within the meaning of 28 U.S.C. § 1915.  *See Neitzke*, 490 U.S. at 325.

## CONCLUSION

Pursuant to 28 U.S.C. § 1915, the complaint is DISMISSED with leave to amend.  Any amended complaint must be filed on or before October 24, 2022.

**IT IS SO ORDERED.**

Dated: September 26, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge

6